IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| DOUGLAS J. THATCHER, | * | Chapter 7 |
| Debtor | * | |
| | * | Case No. 1-04-bk-03689MDF |
| DOUGLAS J. THATCHER, | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Adv. No. 1-04-ap-00252 |
| | * | |
| INTERNAL REVENUE SERVICE, | * | |
| Defendant | * | |
| | * | |

## OPINION

### Procedural and Factual History

Before me is the motion of Douglas J. Thatcher ("Debtor") for summary judgment on his complaint to determine the dischargeability of a debt to the Internal Revenue Service ("IRS"). The debt at issue is based on Debtor's alleged "responsible person" liability for unpaid trust fund taxes of his former employer, C&M Catering ("C&M").

Debtor was employed by C&M in its restaurant and catering business from July 1, 2001 through approximately September 29, 2002. Debtor was hired to help the President of C&M, Mike Casey ("Casey"), with management issues such as developing a new menu, obtaining new vendors and clients, and controlling food costs. Debtor's duties included opening the restaurant each day, preparing food, controlling inventory and ensuring customer satisfaction. As part of his cost control and inventory-related duties, Debtor would write checks to pay vendors who required COD payment. He also had authority to hire new employees, although the preferred practice at C&M was for Debtor and Casey to jointly make any hiring decision. Debtor's duties also included maintaining employee

1

time records and forwarding this information to an accountant who provided payroll services and calculated withholding liabilities. Debtor occasionally signed payroll checks even though he did not have signatory authority on C&M's bank accounts. While employed there, Debtor made a loan to C&M in the amount of $6,000.00.

After C&M failed to pay its "trust fund" taxes for certain quarterly periods between July 2001 and September 2002, the IRS imposed "responsible person" liability on Debtor for penalties equal to the amount of these unpaid obligations. Debtor's Schedule "E" lists the IRS as holding unsecured priority claims totaling $47,806.78.

Debtor moved for summary judgment on his complaint. The parties filed briefs on this motion, and the matter is ripe for decision.[1]

## **Discussion**

Summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The non-movant's allegations are to be taken as true, and when they "conflict with those of the movant, the former must receive the benefit of the doubt." *Valhal Corp. v. Sullivan Assocs.,* 44 F.3d 195, 200 (3d Cir.1995) (quoting *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976)). At the summary judgment stage, a court may not weigh the evidence or make credibility determinations. *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.,* 998 F.2d 1224, 1230 (3d Cir.1993). Therefore, to raise a genuine issue of material fact, "'the

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(B).

2

[summary judgment] opponent need not match, item for item, each piece of evidence proffered by the movant,' but simply must exceed the 'mere scintilla' standard." *Id.*

The provision of the Internal Revenue Code ("IRC") that governs the instant case, 26 U.S.C. §6672(a), provides as follows:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Under this provision, financially "responsible persons" who fail to ensure the payment of payroll withholding taxes and social security taxes are subject to a penalty in the amount of the taxes that were not paid. There may be several individuals employed by a single employer who qualify as "responsible persons" under the tax code. *Quattrone Accountants, Inc. v. IRS,* 895 F.2d 921, 927 (3rd Cir. 1990). The assessment of a penalty under IRC Section 6672(a) against an individual gives rise to a rebuttable presumption of correctness in favor of the government. *Psaty v. United States,* 442 F.2d 1154, 1160 (3d Cir.1971); *Hudson v. United States,* 1999 WL 820453, at 3 (E.D.Pa.). To avoid a penalty, the taxpayer bears the burden of coming forward and proving by a preponderance of the evidence that he is not a responsible person within meaning of the statute, or that he did not willfully fail to remit the trust fund taxes at issue to the IRS. *Brounstein v. United States,* 979 F.2d 952, 954 (3rd Cir. 1992); *accord, United States v. Running,* 7 F.3d 1293, 1297 (7th Cir.1993); *United States v. McCombs,* 30 F.3d 310, 318 (2d Cir.1994). The burden on the taxpayer is not altered because the issue arises in the context of a bankruptcy proceeding. *Raleigh v. Illinois Department of Revenue,* 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000).

A responsible person under Section 6672(a) is a person required to collect, truthfully account

3

for or pay over any tax to the government. *Quattrone,* 895 F.2d at 927. In this context, responsibility is a matter of "status, duty, or authority, not knowledge." *Id.* The Third Circuit recognizes the following factors as indicia of responsibility:

> (1) contents of the corporate bylaws; (2) ability to sign checks on the company's bank account; (3) signature on the employer's federal quarterly and other tax returns; (4) payment of other creditors in lieu of the United States; (5) identity of officers, directors, and principal stockholders in the firm; (6) identity of individuals in charge of hiring and discharging employees; and (7) identity of individuals in charge of the firm's financial affairs.

*In re Treacy,* 255 B.R. 656, 663 (Bankr.E.D.Pa. 2000) (citing *Greenberg v. United States,* 46 F.3d 239, 243 (3d Cir.1994)). The question of control over finances must be answered in light of the totality of the circumstances; no single factor, or the absence thereof is determinative. *Fiataruolo v. United States,* 8 F.3d 930, 939 (2nd Cir.1993).

As the factual findings above demonstrate, there are several issues of material fact not resolved by the pleadings, depositions and other relevant documents. For example, there is a dispute regarding the number of checks that Debtor signed for C&M and the number of times he prepared payroll checks. The parties also disagree as to whether Debtor was involved in the filing of a payroll tax return for the third quarter of 2001. Under *Greenberg,* these issues are pivotal to the proper resolution of the instant case. In addition, the Court's factual determinations under *Greenberg* may turn on the Court's determination of the credibility of the witnesses. Debtor's degree of knowledge that taxes were not being paid, and his intent in making certain non-tax disbursements are key factors in a decision under Section 6672(a). An assessment of a party's intent should not be undertaken on summary judgment proceedings. *In re Ikon Office Solutions, Inc.*, 277 F.3d 658, 668 (3rd Cir. 2002). Cases that turn on the credibility of witnesses' testimony in particular should not be resolved on

4

summary judgment. *Abraham v. Raso*, 183 F.3d 279, 287 (3rd Cir. 1999);*Boyle v. County of Allegheny Pa.,* 139 F.3d 386, 393 (3d Cir.1998); *Watts v. University of Delaware*, 622 F.2d 47, 52 (3rd Cir. 1980) ("issues involving state of mind and intent are not well suited to disposition by summary judgment, since much depends upon the credibility of witnesses testifying as to their own states of mind, and assessing credibility is a delicate matter best left to the fact finder.")

Accordingly, Debtor's motion for summary judgment will be denied. An appropriate order will be entered.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: July 14, 2005

*This electronic opinion is signed and filed on the same date.*